The appellate court of Illinois has reconvened. May I be seated? This next case up is Miller v. Sarah Bush Lincoln Health Center. It's case number 415-0728. The appellant is Michael Sullivan. You are he, sir? And for the appellee is Kevin Miller. Okay. Mr. Sullivan, you may be seated. Good afternoon, your honors. Michael Sullivan on behalf of the plaintiff appellant Harold Miller. I want to start out by saying that I think that this issue has been well briefed by the parties in the amicus curiae and it really comes down to a simple issue of statutory construction. And in the plain reading of section 2-1205, it reads that 100% of the benefits provided for medical charges, hospital charges, or nursing or caretaking charges which have been paid or which have become payable to the injured person by any other person, corporation, insurance company, or fund in relation to a particular injury shall be deducted from any judgment in an action to recover for that injury. And to me, the reading of that is that this statute, which is titled reduction in the amount of recovery, has been determined by the legislature and the Supreme Court to modify the collateral source rule in medical malpractice cases, allows for a reduction of 100% of benefits for medical charges which have been paid or become payable to the plaintiff. How does that apply in this case? In this case, well, in this case, the jury awarded a $133,000 in change for medical expenses determined to be reasonable and necessary. Of that $133,000 in bills, $35,000 was paid by the plaintiff's insurers, Medicare, and Blue Cross Blue Shield. The plaintiff himself  and the important language in the statute is 100% of the benefits which have been paid or have become payable to the plaintiff. And my position is that nothing was paid and nothing is payable to the plaintiff. Well, bills were paid. The bills were paid by the plaintiff's insurers, Medicare, and Blue Cross Blue Shield paid the medical provider directly, pursuant to contracts. Are you arguing that under this section, the defense doesn't get credit for those amounts? I'm sorry, get credit for what amount? The amounts that were paid directly by the insurance, Medicare, to the providers. I am, because those amounts, this is dealt with in subsection 2 of the statute, Blue Cross Blue Shield and Medicare have a right of recoupment on those amounts they pay. They have a subrogation right. So the plaintiff then has to reimburse Blue Cross Blue Shield and Medicare for those expenses. Now if... How much were those total? The total amount paid by the insurers? Right. $35,000 in change. Okay. And the court here reduced the jury's verdict by $91,724? Yes, ma'am. And that was based upon costs or medical costs that were written off? Yes, ma'am. Okay. Now, this is... Justice Pope's question is essentially the same as mine. Walk me by the hand here. The collateral source rule, arguably this was designed to deal with so that if, using an example, if there were $50,000 worth of medical bills, and medical bills were paid by the hospital or by insurance company to doctor and hospital, that $50,000 is supposed to be deducted from the overall verdict? I'm not sure I follow. The total amount of medical bills is $50,000? Yes. And that full amount of bills was paid? Yes. Does it matter by whom? Well, the insurance company paid it to the hospital doctor. Sure. I think that, pursuant to the collateral source rule, that that full amount would be awarded by the jury. Okay. Well, we have a jury that awarded to it $50,000. Sure. $50,000 was medical stuff. Under the statute, how would it work with regard to the monies paid? Well... In my hypothetical. Sure. The monies were paid by the insurers directly to the providers. This statute deals with benefits paid or payable directly to the plaintiff. That wouldn't be the case here. That's just the plain reading of the statute there, Your Honor. Okay. So if it was paid to benefits, $50,000 is checked to the plaintiff, who in turn was now supposed to pay for the care received. Now what? I think that assuming that that insurer that paid the plaintiff directly $50,000 did not have a subrogation right on that amount, then this statute would be applicable, and 100% of that amount paid directly to the plaintiff would be deducted from the award pursuant to the statute. You're reading that comma out of the statute, aren't you? I am. And this was addressed in the plaintiff's reply brief that even in reading the comma, so essentially if you read it with the comma, 100% of the benefits provided for medical charges which have been paid, that doesn't address whom paid it. Is that the plaintiff himself? Because that would mean that if a plaintiff went in and paid $1,000,000 of their own medical expenses, then the defense would be entitled to a 100% reduction of that amount. I don't think that's what was intended by the statute to partially modify the federal source rule. Well, it says have been paid or which have become payable by any other person, corporation, insurance company, or fund. So I think they're eliminating the actual injured person. I'm not sure I follow that, Your Honor. It's which have been paid or which have become payable to the injured person by any fund, corporation. So I just don't think that the doctrine of the last antecedent that was brought up by defense counsel in their brief would apply here because it would entirely change the meaning of the statute. What is the purpose of the statute in the normal case? In the normal case, the statute was passed to modify the collateral source rule. In what way? To prevent a double recovery for the plaintiff is what the legislature said. So if the plaintiff received $50,000 in a jury verdict but never paid that $50,000, that would be the double recovery? Sure, and that's why the provision... But what about that subrogation business? How does that figure in? Sorry for interrupting, Your Honor. That's what I was getting at is that if that $50,000 were paid to the plaintiff and an application were made to reduce it by 100%, that would be allowable provided that there were no subrogation right on that money because the plaintiff then has to pay that back. Okay, but if there's subrogation rights it wouldn't apply? Yes. But what we're talking about here really is something different. We're not talking about paid or payable. We're talking about in this case the medical provider, medical care provider, the hospital or doctor has written it off, essentially like a bad debt. Isn't that what happened? Yeah, it's pursuant to a contract or federal statute. It was written off. Does it matter what it's pursuant to? No, I don't think it does. Okay, so let's assume we have $100,000 worth of medical expenses and the medical providers, who Lord knows where they come up with this figure and what it costs. It's a relative deal. Joke about the Soviet Union, they pretend to pay us and we pretend to work. This amount that just comes up I guess that's supposed to be the retail amount as opposed to what they're willing to take from the insurance company. So let's assume they bill out $100,000 and the insurance company says we'll pay you $30,000 and they say, well, okay. And then they write off $70,000. But because the whole $100,000 was supposedly medical expenses, that's the jury verdict. Yes, Your Honor. That's what we have involved here, isn't it? The situation, essentially? I think so, if I understand correctly. And if you took that in the context of a non-medical case, that $400,000 awarded by the jury, regardless of what health insurance paid a dollar and squared the debt there, that $100,000 would still be awarded by the jury and would not be subject to any reduction. Now, in this case, and I know nobody's raised this issue, but at trial, did the plaintiff have proof that the total amount of medical bills was reasonable and necessary? The jury verdict award was for $133,000 and reasonable and necessary medical expenses. So the foundational requirements were met at trial. The Amicus Curiae Association of Defense Trial Counsel make the about the statutory language intended to modify the collateral source rule by allowing reduction for all of the same benefits that were included in the common law collateral source rule. I take it you agree with that? I think so. And then they said, this includes not only monetary payments made by the insurance carriers and Medicare, but also amounts that are written off of bills pursuant to contractual agreement or federal law, which would be Medicare. And they cite, interestingly, restatement of 2nd of Torts 920A, which was written in 1979, went back and checked. This is what that restatement says, which they quote paragraph 2. Payments made to or benefits conferred on the injured party from other sources are not credited against the tortfeasor's liability, although they cover all or part of the harm for which the tortfeasor is liable. Now the reason I think that's significant is that's essentially the construction which we're asked to make of this statute is a former statutory draftsman. That was my first job. And I remember thinking, you know, it's always a good idea to say what you mean and put it in the statute. If you want to argue and we're dealing with the big players here, the tortfeasors and all that, these are people who are on top of this. But if you want to address this, why don't you write it in as the restatement states it? If you want to talk about benefits conferred, which is really what we're talking about, writing off the statute as opposed to payments, how about using the language in the restatement that says payments made to or benefits conferred on the injured party from other sources are not credited against the tortfeasor's liability. The statute, which was written after this, and amended after this, omits the phrase benefits conferred upon. Why should we literally hold this as it means what it says if you wanted to say benefits conferred upon, beyond just payments, say so if the legislation didn't, that they didn't intend to In 1979, three years before the statute was written, and six years before it was amended, it was laid out in the restatement exactly what you want to say. What about that? If I understand correctly, I think we're in agreement there, that this statute says benefits paid or payable, not benefits conferred on. We're talking about, your argument is it includes benefits. The statute talks in terms of payable. The restatement talks about benefits conferred, which is essentially the construction you wish us to make of the statute, isn't it? I don't think so, your honor. I think it's the very opposite. Oh, okay. Yeah, that's why I was confused. I apologize. That's the argument, if I haven't done it well, I intended to make to this court, is that benefits conferred in this case would be the full amount of the medical bills, regardless of write-offs, and that would be allowed in any non-medical case. Now this statute, which I'm not challenging the statute, it's been held to be constitutional, it allows for a reduction in medical cases of 100% of the amount paid or payable to the plaintiff. In Mr. Miller's case, that's zero. So it would be, I'm mistaken in my assessment, it would be the other side who's going to be arguing about the benefits conferred language. I apologize, counsel. Okay. Unless your honors have any other questions for me, I think we all have a fair understanding. Okay. Thank you, counsel. Mr. Miller. I understand who's taking which position. I apologize to Mr. Sullivan for getting that confused, but you can see where I'm going to be going with this. I'll give you a chance to introduce yourself. Thank you, your honor. May it please the court, I'm Kevin Miller, referred to in the trial court as the other Mr. Miller. But no confusion here. Let's see, where to start. Could I start with something that was in the yellow reply brief on page 5? There was an argument there at the top of page 5 that essentially said if this court were to take the defendant's position to the extreme and apply it when the plaintiff paid his or her own medical bills, he or she would never be able to recover. And I have to admit, I chuckled when I read that because 212.05 is a codification of the collateral source rule. And it's an exception to the collateral source rule. So when Mr. Miller pays his own medical benefits, collateral sources aren't implicated and 212.05 doesn't come into play. So he'd get everything he gets because he paid it. All bets are off. He paid it, yeah, so he recovers it, sure. And 212.05 never comes into place. It's not a collateral source. It's a unilateral source, or the primary source, I guess might be the right word. Going directly, now that I have the right party who wants to make the argument, essentially your argument is benefits confirmed. And the statute speaks in terms of payment. And given that the ultimate source on this point, the restatement second of torts, was in existence before the statute was drafted, and you know, usually restatements aren't all that clear, but this is pretty clear. Payments made to, or benefits conferred on. That's what this statute, you want it to say. But it doesn't say that. Actually, I don't think it says what we've been saying it says today. Because we've been talking about payments made and bills paid. Yeah. Let's look at the statute, shall we? Okay. As a last resort, has always been my joke about, as there is ask, let's check the statute. I see that where we've got the two little I don't know how you say it, I, I, it says 100% of the bills paid? No. Amounts paid? No. 100% of the benefits paid shall be deducted, of course, to the extent that there's no subrogation. So, I think the important question here is, what is a benefit? 100% of the benefits provided. But it's not just that this the modifying phrase, this is the key, it seems to me. Benefits which have been paid. As opposed to benefits conferred. Because when you're writing something off, you're not paying a damn thing. It's just, you know, we're going to forget about it, as opposed to paying it. Isn't that a rather significant distinction? The statute, again, if I may direct us, says benefits provided. It doesn't say benefits paid. But that, you see, what you've done is you've left out the clause that appears, which have been paid. Now, one of the rules of drafting is, we, we ought not delete words. 100% of the benefits provided for medical charges. That would be a pretty good argument if it stopped there. But it says, medical charges, hospital charges, nursing or caretaking charges, comma, which have been paid. These benefits haven't been paid. They've been written off. I'm going to take an issue with that. Go ahead. Let's say we have a corporation. It's got a balance sheet. And if I pay $100 to that corporation, it shifts the balance sheet by $100. It confers a benefit. Same side, if I take its liabilities and write off $100 of its liabilities. The same net result happens, right? Yes. There's a benefit paid to the corporation by the write-off. And I think that's all of our collective understanding. That makes every bit of the statute, which said, but it's got to be paid, not written off in effect. If the statute said that, there'd be no question, but you'd lose. I go to trial and I hear the plaintiffs on the witness stand and the question from the plaintiff's attorney is, are these your medical bills? Yes. Are they paid? Yes. Of course they are. They're paid by write-offs. They're paid by insurance. They're paid by coinsurance. And they're paid by deductibles. There's more than one way to pay a bill. Pay it by write-offs. Pay it for forgiveness. But you see, that's not what the statute says, is it? Now, that would be an interesting argument if the term paid, in quotes, was further defined as including, but not limited to, and then you'd have writing off as part of it. But, you know, in the English language, when you say it's been paid, that means or, and then they even go on to say payable too. Now that means... Are you asking me, does that mean it's paid by money? Because we can have payment in kind, can't we? We can have payment of a bill by services rendered. We can have payment of a bill with a dozen forges. I don't know, medical charges, hospital charges, which have been paid in kind, I don't know how that would even work. And we have to construe, what did the legislature mean here when they wrote this? And more specifically, if you're asking us to construe this as including benefits conferred without payment, why didn't this wonderful little phrase from paragraph 2 of Restatement of Torts 920A, payments made to or benefits conferred to the injured party from all other sources, that would cover, that would have ended this controversy, wouldn't it? Your Honor, I think your approach to the definition of pay is perhaps different from the one that I'm taking. And I don't have a dictionary in front of me, but if I opened it up and checked the verb, pay, it probably lists several examples of how you can pay and what pay means. Pay does not always mean with legal tendered U.S. dollars. Well, paid or written, essentially what you're saying is this would include or written off by the medical providers. Charges written off. I think that encompasses payment. I think payment encompasses satisfaction of a variety of different kinds. Yes. Payment is not only just cash. But you haven't used the, you haven't answered my question, why do they call it paid? Because paid means a variety of things, doesn't it? Of course it does. How about payments made to or benefits conferred on? That would have covered everything, wouldn't it? Which is the language we used earlier from the Restatement of Torts? There are probably, Your Honor is correct, several different ways to say the same thing here. The way they chose, though, was to say that 100% of the benefits provided and benefits were provided which have been paid and they are paid in a variety of ways. This is the modern way, well, not just the modern way of doing business. Let's go back to, you know, two goats for your I don't know, your vegetables. It's not always cash. It hasn't ever been that way. Payment has always meant a variety of ways to accomplish the same goal. And that goal is to reduce the debt. Your debt has been paid. Go and sin no more. Was there cash for that? No. I think what I'm asking you to do is to look at the statute, apply it as it is written, but not so not with the blinders that payment is only one thing. Payment in our world is perhaps a multiple different ways to accomplish the same reduction in the amount of an obligation. I can't get past that and I hope that we don't disagree on that. Let's see. I'm looking over my notes and wondering if there's something that we haven't discussed. I would like to address the amicus brief if I could unless you've got more questions on that topic. I noticed I think it was the argument made by the appellant about the decision is derogation of the common law collateral source rule must be construed strictly. Are you contesting that? No. Why not? Because we put it in our brief that you can read it strictly. What about the statute of the code of civil procedure which says section 1-106, this act shall be liberally construed to the end that controversies may be speedily and finally determined according to the substantive rights of the party. The rule that statutes and derogation of the common law must be strictly construed does not apply to this act. The rule is made in relation there too. That's the introductory clause to the whole rest of the code of civil procedure including section 2-1205. Good point. So maybe we don't need to strew it so constrictly as your honor is apparently trying to do with the verb to pay. Well, I'm saying that to the extent that this is about a derogation of the common law is argued I'm wondering how that happens. Whether it is or isn't a derogation, it's clearly an exception to the common law but I'm not going to be relieving the statute of its commas and its punctuation. I think we should apply it as written. I think those modifiers are there and phrases are set off for a purpose and that we should honor that purpose because the purpose of the whole statute of 2-1205, I shouldn't say statute but the section, is to prevent the double recovery that your honor has already mentioned. When medical bills are paid, satisfied, benefits are conferred to the extent there's no subrogation right in a health care malpractice case there's a reduction in the judgment. You made a very interesting and good response to the questions I've raised about paid and I'm just wondering of course, I don't know if you've given any thought in advance, is there any further clarification found in the code or statutes on the same point you just made which is what does paid mean? In other words it seems to me if there was a significant spot in Illinois law that said paid could include various things such as writing it off, equivalent that would be a pretty strong argument for you and since I've just sprung it on you, I'm just wondering if you have any idea where else that might appear. I suspect it will have to appear in this case because if I had been able to find another one I would have cited it for you already or at least the associate sitting behind me who pulled the heavy oars here I have to give him credit. He certainly would have brought it to my attention by now. It seems to me this is the type of case that is going to head to the Illinois Supreme Court no matter which side it is in this court. I think especially with the you know it's a very important issue. It really is important to both parties. It's being raised in other parts of the state I've seen it come up so including this court I think you're aware of the Snow v. SIU health care case. At least that's one component of that appeal if I'm not mistaken. And there are others coming too, huh? You know I suppose so. I wonder why the case of the statute has been on the books as long as it has. I'm just curious that it's a mixed blessing that we should be the first. I'm always happy to see what some other appellate court has said and delighted if I think their reasoning and analysis is so good I could say yeah me too. But we don't have anything like that yet? You know I think the closest case on point is Perkey. But the Perkey court did not address what the payment is. So there you are. Anything else counsel? If I could just say one thing in conclusion. This case was brought to the trial court post-judgment without post-judgment discovery. I don't know if your honors remember how it is to practice but getting this kind of information to the trial court without asking for leave to take discovery after judgment has already been entered was an accomplishment and I credit my co-counsel for his cooperation there too. I'm saying that in order to say this. So often when we ask for bills and payment history and who's your insurance carrier, nowadays I just get two words. Collateral source. Not even objection collateral source. And so I'm not asking for an advisory opinion as you write your opinion but I would invite you to feel free to comment on the procedure that we did employ here and so that perhaps if we review your opinion in the future we'll know if it's alright to ask for this kind of information beforehand. It would be helpful both to the defendants and to the plaintiffs. What did the trial court say about it when you asked? When I asked what? For this information. Oh I didn't ask it of the trial court. We exchanged discovery prior to trial and the plaintiff did not object and provided us with explanation of benefit forms, things like that or complete medical history. Oh so you're speaking about in the context of had an objection been made then not. Yeah because the usual case is I get nothing and we have to argue about it and is it appropriate now or what about the collateral source rule? It's frustrating as a practitioner. It is. But I'm trying to credit my co-counsel for his cooperation. Well you know it's, I think appropriately so. I think it's the kind of thing that should be commendable. The business of practicing law is like it's a skirmish. It's not to be suggested. Defendants always don't want to plan on how to lose. I mean the plaintiff of course but in any event it was cooperation. Thank you all very much and I appreciate your attention to this rather esoteric and new issue but an important one to all of us. Thank you counsel. Mr. Sullivan any rebuttal sir? Briefly Your Honor. I would like to address the discussion that surrounded the word paid. It was brought up in the Amicus Curiae Illinois Trial Lawyers Association's brief and at page 9 they provide definitions of what paid means and paid is for the American Heritage Dictionary to give money in return for goods or services rendered. The example is pay the cashier and Black's Law Dictionary defines it as to give money for a good or service that one buys. Well that certainly would include the standard explanations but I suppose to what extent is that the limitation on it? And you heard Mr. Miller's argument make a very sound one. What about writing it off or barter or things of that kind? I'll address it in the context of the statute. It says pay or payable to the injured person. I don't know if they provided him with a receipt for the write off but I just don't view that as a payment to the injured person. That is a benefit conferred upon him and a benefit allowed by the collateral source rule but it's not a payment to him and that's what the statute says. And then finally I would just like to address the practical effect of adopting the trial court approach to this and the approach suggested by defense counsel and it is essentially an abolition of the collateral source rule in any medical malpractice case. They're seeking a reduction of 100% of whatever was of the billed amount essentially and so in this case it's $133,000. They want the write off gone and then plaintiff reimburses his insurers pursuant to the admitted right of reimbursement. That leaves it with zero. This would take away medical expenses awards in medical malpractice cases. I don't think that's what the legislature... Wasn't that what the collateral source rule was about? What purpose of the statute to do that? It was to modify it. If the legislature wanted to abolish or take away the collateral source rule perhaps they could. I haven't studied the constitutionality of that but they didn't do that. You mean it's not constitutional to abolish it? I'm not really prepared for that discussion. I regret even mentioning it. Well what do you... Maybe I'm misunderstanding. What do you think the purpose of 2205 is? Modify the collateral source rule. Well but paragraph 2 is 100%. 100% of these payments are not to be included. 100% of the amount paid or payable to the injured person. Not 100% of the total charges. It would have been easy to say that. 100% of the total charges are to be reduced or something to that effect. That's not what the statute says. Had it said that how would that have changed this case or how we should view it? If it said that 100% of the benefits provided are not... 100% of the medical charges should be disregarded or set aside. I don't think we'd be here right now your honor. That's not what the statute says. If the statute did say that then the legislator would have legislated away the collateral source rule. We're supposed to figure out what the legislature meant. You heard Mr. Miller argue that the paid business could include writing off. The argument is essentially no we have to strictly consider it. That's not what the legislature would have meant when they wrote this. Why not? Why should we so conclude? Well because it's what the statute says. Well why a narrow view of the paid as the ITLA amicus brief says. That clearly is one way to pay it. Is that exclusive? If we could find the dictionary somewhere that says writing off is the equivalent to payment. In other words, what did the legislature mean? What limits did they have? Were they really just thinking only about payment in cash or bills? As we discussed earlier, they outlined the reason was modification to prevent a double recovery. And that double recovery would be if the jury awarded the $133,000 and the collateral sources paid $35,000 but there was no right to reimbursement, the plaintiff would essentially double recover for that $35,000. And I think that was what the statute was intended to do and that's why subparagraph 2 exists. Because if there is a right to reimbursement then there is no double recovery. Okay, thank you counsel. Thank you so much for your time. I want to again apologize for my confusion in the beginning and also thank both counsel. I thought this was a very difficult case and I thought you both did a very nice job.